**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JOE REEVES,                )<br>    ID # 591205,          )<br>        Petitioner,      )<br>vs.                              )<br>                                    )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal           )<br>Justice, Correctional Institutions Division, )<br>        Respondent.    ) | No. 3:08-CV-1512-B (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner is a Texas prisoner currently incarcerated on a forty-year sentence for burglary imposed in Cause No. F91-61523-JW. He filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge a December 6, 2006 conviction in Dallas County for possession of a controlled substance in Cause No. F05-59690-I, that was used to revoke his parole for the burglary conviction. Respondent is Nathaniel Quarterman, Director of the Texas Department of Criminal Justice - Correctional Institutions Division.

**A. Factual and Procedural History**

On January 30, 2006, the State indicted petitioner for possession of cocaine in an amount less than one gram. (Trial Transcript at 2-3). After petitioner pled not guilty to the charge, he was tried before a jury, found guilty, and sentenced by the jury to a two-year sentence on December 4-6, 2006. (Tr.:4-5, 57). Petitioner appealed, alleging that the evidence was legally and factually insufficient to support his conviction for possession of cocaine. The Fifth District Court of Appeals affirmed petitioner's conviction in an unpublished opinion, recounting the evidence presented at trial as follows:

> On November 16, 2005, Dallas police officers Robert Pollard and Jennifer Castleburg were on routine patrol during the mid-morning in the North Oak Cliff

area of Dallas when they received a tip that two men were sitting on a concrete slab at Cliff and Tenth Streets selling drugs. When the officers drove by the location, they saw appellant and Kevin Cooper sitting on a concrete slab behind a church, but did not observe any illegal activity. They drove by the area several times, and tried to involve other officers in investigating. Eventually, the officers continued patrolling their regular area. Later that day, the officers saw appellant and Cooper walking down the middle of Tenth Street. Pollard testified appellant was wearing a jacket and did not have anything in his hands. Pollard stopped appellant and Cooper for a city ordinance violation, pedestrian in the roadway. Pollard testified neither appellant nor Cooper was cooperative. When Pollard attempted to pat appellant down for weapons, appellant tried to pull away. Pollard grabbed appellant's jacket to restrain him. Appellant reached into his jacket pocket and threw a clear baggie on the ground. Pollard testified he saw the baggie in appellant's hand and saw it fly through the air and land on the ground a few feet away from them. Pollard handcuffed appellant, then retrieved the baggie. Later analysis showed the bag contained 0.36 grams of cocaine. Pollard testified there was no one else in the immediate area while he was detaining appellant, and there was nothing on the ground before appellant tossed the baggie to the ground.

Castleburg testified she did not see appellant toss the baggie on the ground because she was focused on Cooper, who was stepping away from her and reaching inside his leather jacket. Castleburg drew her weapon and ordered Cooper to come back to her. She called for cover officers, who arrived as she was handcuffing Cooper. Castleburg testified that when she searched Cooper at the scene she found crack cocaine and marijuana on his person. Castleburg did not recall if appellant was wearing a jacket or carried anything in his hand when they saw him walking down the street. Castleburg testified she did not find any alcohol at the scene, and did not recall appellant or Cooper being intoxicated.

Kevin Cooper testified on appellant's behalf. Cooper testified he and appellant were walking to a friend's apartment when they were stopped by the police. Cooper admitted he and appellant were walking down the middle of the street. According to Cooper, he and appellant had been drinking that day, but were not intoxicated, and they "smoked weed" before being stopped by the police. Cooper testified it was "pretty cold" that day so he was wearing a leather jacket, but appellant was not wearing a jacket. Appellant was carrying a backpack and a radio "jam box" when they were stopped by the police. Cooper admitted he had drugs on his person when the police stopped him, and that he was reaching inside his jacket to get the drugs to "try to throw it." Cooper did not see appellant throw anything, but he heard appellant say "that's not mine."

Shawana Mason, a civilian worker in the inmate property vault unit of the Dallas County Sheriff's Department, testified there was no jacket in appellant's personal property at the jail. Mason testified the property inventory sheet listing appellant's possessions when he arrived at the jail did not list a jacket. The inventory listing did not recite a wristwatch or three rings, but those items were in the property bag assigned to appellant. Mason testified inmates change into jail clothing in a large room with other inmates. It is possible that clothing is left behind or switched with other inmates.

*Reeves v. State*, No. 05-07-00003-CR (Tex. App.–Dallas, Sept. 11, 2007, pet. ref'd). The Court of

Criminal Appeals refused petitioner's petition for discretionary review. *Ex parte Reeves*, PD-1600-07 (Tex. Crim. App. January 16, 2008). It is undisputed that as of November 16, 2007, petitioner had completely served his two-year sentence, and that this 2006 conviction was the reason his parole was revoked in the previous burglary conviction. (*See* Resp. Ex. A; Pet. at 4.)

On March 28, 2008, petitioner filed a state application for writ of habeas corpus in which he raised, among others, the same issues as in his federal petition. (State Habeas Transcript:2-14). On April 4, 2008, the trial court issued an order finding no factual issues requiring a hearing and recommending that petitioner's application be dismissed. The order does not state the reason that the court recommended dismissing the petition. (S.H.Tr.:37).[1] After petitioner filed written objections to the trial court's findings in which he stated that his parole was revoked based on the possession conviction (S.H.Tr., vol. 2:1-2), on June 18, 2008, the Court of Criminal Appeals denied, rather than dismissed, petitioner's state application without written order. (S.H.Tr.:cover).

On August 20, 2008, petitioner filed his petition for federal habeas relief. (*See* Pet. Writ of Habeas Corpus (Pet.) at 9).[2] Respondent filed an answer on February 5, 2009, (*see* Answer) and provided the state-court records. No reply brief was filed.

**B. Substantive Issues**

Petitioner asserts that: (1) he did not receive a fair trial because the jury was shown an arrest report and/or an affidavit for an arrest warrant that listed prior convictions; (2) he received ineffective assistance of counsel at trial because his trial attorney failed to object to the arrest report and/or warrant; (3) he received ineffective assistance of counsel on appeal because his appellate attorney did not file his brief for six months and failed to raise as a point of error the arrest report and/or warrant allegedly shown to the jury; and (4) the evidence is insufficient to support his conviction. (Pet. at 7-8).

---

[1] In its response to petitioner's state application, however, the district attorney's office argued that the application should be dismissed because petitioner was no longer confined for his 2005 possession case. (S.H.Tr.:17-19).

[2] *See also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

3

Respondent does not contend that petitioner failed to exhaust any of his claims at the state level. However, he does contend that this Court lacks jurisdiction to decide this habeas petition because petitioner was not in custody on his 2006 conviction when his federal petition was filed.

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Fed. R. Civ. P. 12(h)(3) requires federal courts to dismiss an action whenever the court determines that it lacks jurisdiction over the subject matter. From a review of the documents filed in this action, it is clear that, when petitioner filed his federal petition, he was not in custody on the conviction that he is challenging.

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Generally, one satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). One is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* However, in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401-02 (2001), the Supreme Court reasserted its holding in *Maleng* that where a petitioner has already served his sentence for a conviction, a § 2254 habeas petition can be construed as asserting a challenge to a subsequent conviction if the petitioner

4

alleges that the second conviction is being enhanced by the invalid prior conviction.

Since *Lackawanna*, the Fifth Circuit has twice addressed the question of whether a habeas petitioner is in custody for jurisdictional purposes when he has served his sentence for the conviction he attacks, but he is still incarcerated because the conviction was used to revoke his parole on a prior conviction in unpublished opinions.  In *Brattain v. Cockrell*, 2001 WL 1692470 (5th Cir. 2001), the Fifth Circuit held that a habeas petitioner was in custody under § 2254 even though he had completed his sentence prior to filing his federal habeas petition because he had made a reasonable showing that the conviction caused the revocation of his parole in a prior case. *Id*., slip op. at 2.  The court went on to affirm the denial of relief on the merits. *Id*., slip op. at 4.  In *Williams v. Dretke*, 2006 WL 707135 (5th Cir. 2006), the district court dismissed Williams' habeas petition because he had already completed his sentence when he filed the petition, and the Fifth Circuit granted Williams a certificate of appealability and remanded the case.  The Fifth Circuit held that the record did not support the dismissal because the challenged conviction was used to revoke Williams' prior parole and there was a positive, demonstrable relationship between the conviction and the incarceration. *Id*., slip op. at 1, *citing Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979).  *See also Allen v. Quarterman*, 2009 WL 1606439 (W.D.Tex. June 8, 2009)(findings, conclusions, and recommendation citing *Williams* and recommending that respondent's motion to dismiss be denied because petitioner was "in custody" for the purposes of § 2254 where his current conviction was used to revoke his mandatory supervision).

Here, petitioner has fully served his two-year sentence for his 2006 drug conviction but claims it was the reason his parole was revoked in his 1991 burglary conviction.  Indeed, the record from petitioner's 2006 trial reflects that he chose not to plead guilty and receive time served as offered by the State because he had a parole hold on him as a result of the possession charge.  (R. 2:9).  Respondent does not contest this assertion by petitioner, and the TDCJ website reflects that petitioner is currently serving a forty-year sentence for burglary stemming from a 1991 conviction in Cause No. F91-61523-JW.  (*See* www.tdcj.state.tx.us/offender_information, search under

5

petitioner's name or inmate number). Moreover, when petitioner raised this same point at the state level, the Court of Criminal Appeals denied his state application on its merits, rather than dismissing it as recommended by the trial court because petitioner was not in custody.

Because the 2006 cocaine possession conviction was used to revoke petitioner's parole in his 1991 burglary case, there is a positive, demonstrable relationship between petitioner's possession conviction and his current incarceration. This Court therefore finds that petitioner is in custody under § 2254 and declines to dismiss his habeas petition for lack of jurisdiction.

### III. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. EXTRANEOUS OFFENSES

In his first ground for relief, petitioner asserts that the jury was provided an arrest report and/or an affidavit for an arrest warrant that showed at least two prior felony convictions for him, and that he did not receive a fair trial because the jury received this information before deliberations

7

at the guilt phase of the trial.

The record from petitioner reveals no instance where any arrest report or arrest warrant was ever mentioned or offered into evidence or placed into evidence during either guilt or punishment. During the guilt phase of the trial, the State offered into evidence a property inventory sheet from the Dallas County jail which listed items taken from petitioner and held by jail personnel when he was arrested and held in the jail. Petitioner's attorney objected to the sheet on the basis that it showed previous offenses and that it stated that petitioner had been to the jail previously. The State then offered a copy with this information redacted, petitioner's attorney stated that he had no objection to the exhibit as redacted, and it was admitted into evidence. (R. 3:112-13; R. 5: State's Ex. ##3, 3A). No other mention was made of petitioner's prior convictions during the guilt phase of the trial, and the only other exhibits admitted by the State during the guilt phase of the trial were the cocaine seized by the police officer and the report made by the analyst who determined that what was seized was, in fact, cocaine. (R. 5:State's Ex. 1,2). The record does not support petitioner's assertion that the jury was told about any prior convictions during his trial.[3] The state court's denial of this claim is not contrary to federal law, and this ground for relief should be denied.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second ground for relief, petitioner asserts that his trial counsel was ineffective for failing to object to the alleged arrest report being admitted into evidence, and that had he done so, the jury would not have found petitioner guilty. In his third ground for relief, petitioner asserts that his appellate counsel was ineffective for failing to file an appellate brief for six months and for failing to raise the admission of the arrest report as a ground for relief.

To successfully state a claim of ineffective assistance of counsel under Supreme Court precedent, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the defi-

---

[3] The State did offer and have admitted at the punishment phase of the trial evidence of two prior offenses for which petitioner had been convicted (R. 4:21-22), but such evidence is admissible at punishment. *See* TEX. CODE CRIM. PROC. ANN. 37.07 § 3(a)(1) (Vernon 2007). Moreover, in his federal petition, petitioner refers to the jury's guilty verdict, not the punishment phase of the trial. (Pet. at 7).

8

cient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of ineffective assistance of trial counsel, the prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether counsel has been ineffective is determined by using the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, petitioner must show a reasonable probability that, but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of

9

reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel was deficient, the Court thus must consider whether the omitted challenge "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

With respect to petitioner's assertion that his attorney was ineffective for failing to object to the alleged admission of the arrest report, this Court has already determined that no arrest report or warrant was either admitted into evidence at trial or referred to at trial, and no other document was referred to or admitted into evidence at the guilt phase of the trial that referenced any of petitioner's prior convictions. Petitioner has therefore failed to show that his attorney was ineffective for failing to make a meritless objection to the admission of these prior convictions. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). With respect to petitioner's assertion that his appellate attorney for failing to raise this issue on appeal, appellate counsel was not ineffective for failing to raise a meritless issue on appeal.

As for petitioner's assertion that his appellate counsel was ineffective for failing to file an appellate brief for six months, petitioner has not shown any prejudice because of this delay. Counsel filed a brief that was considered timely by the appellate court. Petitioner has not shown that there is a reasonable probability that his conviction would have been overturned if the brief had been filed earlier, and he has not shown any other deleterious consequences of any alleged delay in the filing of the brief. The state court's denial of these claims is therefore not contrary to federal law, and no relief is warranted on these claims.

## VI. SUFFICIENCY OF THE EVIDENCE

In his fourth ground for relief, petitioner asserts that the evidence is insufficient to support

10

his conviction for possession of cocaine. In particular, petitioner asserts that the evidence is insufficient to prove that he was wearing a jacket at the time he was arrested.

In *Jackson v. Virginia,* 443 U.S. 307, 320 (1979), the United States Supreme Court held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Moreover, the trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* A federal habeas court should not substitute its view of the evidence for that of the fact-finder. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

On direct appeal, the state appellate court identified the *Jackson* standard and found that the evidence was legally sufficient to support the verdict because the jury was responsible for resolving any conflicts in the evidence and was free to accept or reject any and all of the evidence presented by either side. *Reeves*, slip op. at 5-6. This decision is not an unreasonable application of the *Jackson* standard. While petitioner asserts that the State was required to prove that he was wearing a jacket, something that was not done, there was testimony offered by the arresting officer that petitioner was wearing a jacket and threw the baggie of cocaine out of the pocket of the jacket. *Id.* at 1. While the defense presented evidence that contradicted this testimony, as noted by the state appellate court, the jury had the responsibility of weighing the evidence and resolving the conflicts in the testimony. A federal habeas court cannot substitute its view of the evidence for that of the jury in petitioner's trial. Thus, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that petitioner possessed cocaine beyond a reasonable doubt. The evidence is legally sufficient to support petitioner's conviction, and this ground for relief should be denied.

### VII. STATE CONSIDERATION OF CLAIMS

Petitioner raised his claims in his state writ and on direct appeal. The Court of Criminal

Appeals denied the state writ on its merits, and thus petitioner's claims were adjudicated on the merits. These decisions at the state level are consistent with, and involved no unreasonable application of, applicable Supreme Court precedent. The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court. Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claims raised in the instant petition.

## VIII. RECOMMENDATION

The Court should **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 21st day of July, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE